IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
DEC 14 2009

| | | |
|---|---|---|
| Omar Cassimer Richards, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09cv432 (AJT/TRJ) |
| | ) | |
| George M. Hinkle, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Omar Cassimer Richards, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of rape following a bench trial in the Circuit Court of the City of Newport News, Virginia. On July 22, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer. Richards was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response captioned as a "Rebuttal Brief." For the reasons that follow, Richards' claims must be dismissed.

### I. Background

On October 10, 2006, Richards was sentenced to twenty years incarceration, with twelve years and ten months suspended, following his conviction of rape. Resp. Ex. A. Richards pursued a direct appeal to the Court of Appeals of Virginia, arguing that the evidence was insufficient to prove that the sexual intercourse was non-consensual, and the petition for appeal was denied in a per curiam opinion on April 5, 2007. Richards v. Commonwealth, R. No. 2890-06-1 (Va. Ct. App. Apr. 7, 2007). Resp. Ex. B. In its opinion, the Court described the facts underlying Richards' prosecution as follow:

> [T]he evidence proved that appellant knew the victim and went to her home during the early morning hours of June 16, 2005. The victim invited appellant to her home to watch a movie. She testified that she sat on the couch with appellant, he reached for her, and she told him to stop. Appellant then grabbed her from behind, pinned her down, and tried to pry her legs open, but she locked her legs together. She testified appellant pushed her hard, broke her legs open, and tried to penetrate her. The victim testified appellant later inserted his penis into her vagina. The victim testified she went to another couch and covered herself with a blanket, where appellant gabbed her and inserted his penis into her vagina. The victim testified she told appellant that he had raped her and hurt her, and he responded, 'I can't believe I did this.' Appellant left, and the victim went next door for help. Jonell Cuffy, the victim's neighbor, testified the victim banged on her door in the early morning hours of June 16, 2005. Cuffy testified the victim was upset and said she had been raped. On the way to the hospital, Cuffy saw a police car and the victim told Officer Cartwright what had happened. Cartwright testified the victim appeared distraught and upset.
>
> Detective Rilee interviewed appellant on the afternoon of June 16, 2005. Appellant gave a lengthy statement and told Rilee he had consensual sex with the victim. Appellant stated he asked the victim if she wanted him to stop and she never responded no. In his statement, appellant admitted the victim locked her legs, pushed him away, and, at that point, he should have left her home. Appellant admitted the victim told him to stop. Appellant stated he penetrated the victim's vagina three times. Investigator Morgan interviewed appellant in August 2005. During the interview, appellant called himself a 'monster' and stated, 'She didn't say no, but I know I should have stopped.' Appellant testified the sexual intercourse was consensual.

After briefing, Resp. Ex. C - D, the Supreme Court of Virginia refused Richards' petition for further appeal. Richards v. Commonwealth, R. No. 071448 (Va. Dec. 12, 2007). Resp. Ex. E.

On September 19, 2008, Richards submitted a habeas corpus application to the Supreme Court of Virginia, raising the following claims:

> 1. Counsel rendered ineffective assistance by failing to interview the victim and to prepare an adequate

2

       defense.

2. Counsel provided ineffective assistance by failing to pursue every avenue of investigation where a witness knew that the victim had falsely accused others of similar crimes.

3. Counsel was ineffective for failing to file a motion for discovery, to interview the victim, and to interview medical personnel.

4. Counsel provided ineffective assistance by failing to obtain evidence from the victim's PERK kit, her physician's report, or pictures showing signs of trauma, thus making the defense of consensual sex impossible to sustain.

5. He was the victim of prosecutorial misconduct where the Commonwealth withheld exculpatory evidence, including the victim's PERK kit and her physician's report.

The Virginia Supreme Court dismissed Richards' petition on March 9, 2009. Richards v. Warden, Greenville Correctional Center, Case No. 081856. On April 11, 2009, Richards filed the instant federal habeas petition,[1] reiterating the same claims he raised in his state habeas corpus proceeding. Respondent has filed a Motion to Dismiss Richards' claims, and Richards has filed a reply. Based on the pleadings and record before this Court, it is uncontested that Richards exhausted all of his claims as required under 28 U.S.C. § 2254.[2] Accordingly, this matter is now ripe for

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when it is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Richards certified that he placed his petition into the prison mailing system on April 11, 2009. Pet. at 15.

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve

review.

## II. Procedural Bar

Claim 5 of this petition, where Richards contends that he was the victim of prosecutorial misconduct, is procedurally barred from federal consideration. In its opinion dismissing Richards' application for a state writ of habeas corpus, the Virginia Supreme Court held that this claim was procedurally defaulted, as it raised a "non-jurisdictional issue [which] could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for a writ of habeas corpus. Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975)." Richards v. Warden, supra at 4. This finding renders Richards' federal claim procedurally barred from review on the merits.

A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst, 501 U.S. at 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d

---

any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

192, 196-97 (4th Cir. 1997). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his Rebuttal Brief, petitioner argues in essence that his fifth claim should be entertained because it has merit, such that a gross miscarriage of justice will occur if the claim is not considered. (Docket # 16) These assertions go only to the issue of prejudice, and because petitioner has failed to demonstrate cause for excusing his procedural default of his fifth claim, that claim is procedurally barred and must be dismissed. Kornahrens, 66 F.3d at 1359.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United

5

States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Merits

In all of his cognizable claims, Richards argues that he received ineffective assistance of trial counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that

challenged acts are likely the result of sound trial strategy.").

To satisfy <u>Strickland</u>'s prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>; <u>accord</u>, <u>Lovitt v. True</u>, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." <u>Murray v. Carrier</u>, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the <u>Strickland</u> test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." <u>Spencer</u>, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. <u>Quesinberry v. Taylore</u>, 162 F.3d 273, 278 (4th Cir. 1998).

In his first claim, Richards argues that his attorney rendered ineffective assistance by failing to interview the victim and to prepare an adequate defense. When Richards made this same assertion in his state application for a writ of habeas corpus, the Virginia Supreme Court found it to be without merit for the following reasons:

> In claim (a), petitioner alleges that he was denied the effective assistance of counsel because counsel failed to interview the victim and failed to prepare an adequate defense.
>
> The Court holds that claim (a) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Petitioner fails to articulate what information counsel would have obtained had he interviewed the victim and fails to identify the 'adequate defense' he contends counsel

7

> should have prepared. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Richards v. Warden, supra at 1 - 2; Resp. Ex. F. Here, Richards fails to show that the foregoing result was contrary to, or an unreasonable application of, the clearly established federal law upon which the Virginia court explicitly relied, or was an unreasonable determination of the facts. Under such circumstances, the holding must not be disturbed. Williams, 529 U.S. at 412-13.

In his second claim, Richards contends that counsel provided ineffective assistance by failing to pursue every avenue of investigation where a witness knew that the victim had falsely accused others of similar crimes. The Virginia Supreme Court rejected this argument upon the following determination:

> In claim (b), petitioner alleges that counsel failed to pursue every avenue of investigation regarding witnesses who may have testified that they knew the victim had falsely accused others of similar crimes.
>
> The Court holds that claim (b) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the affidavit of counsel, demonstrates that counsel investigated allegations of the victim's prior misconduct and found the allegations to be without merit. Petitioner fails to identify the witnesses he contends counsel should have pursued and fails to provide affidavits to verify the testimony they could have offered. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Richards v. Warden, supra at 2; Resp. Ex. F.

Review of the record confirms that attorney Alvin B. Fox, Esquire, submitted an affidavit in the state habeas proceeding, attesting that he availed himself of access to Richards' complete file

8

pursuant to the "open file policy" of the Commonwealth Attorney's Office, and found that "there certainly wasn't anything to 'discover.'" Counsel observed that Richards "gave a long, rambling statement to the police, he voluntarily took a polygraph test, he flunked it, and he confessed to the polygraph operator that he raped this woman." Counsel's office followed up on Richards' allegations of prior misconduct by the victim, and found them to be "absolute smoke." Although counsel tried to get Richards to agree to a lesser sentence for a lesser crime than was charged, Richards "would not listen ... in any way, shape or form." After a trial that amounted to a "knockdown-drag out fight" and a "detailed" sentencing procedure, it was counsel's opinion that Richards "came out fairly well under the circumstances." Richards v. Warden, Motion to Dismiss, Ex. C. Under these circumstances, the Virginia Supreme Court's denial of relief on Richards' second claim was based on a reasonable determination of the facts. Moreover, its finding that Richards' failures to identify the allegedly missing witnesses and to provide affidavits to verify their testimony were fatal to his claim of ineffective assistance accorded with established federal law. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991) (in the absence of particulars as to what an adequate investigation would have revealed or a proffer of what absent witnesses would have said, a claim of ineffective assistance based on general assertions that additional witnesses should have been called will not lie). Therefore, the finding of the Virginia Supreme Court that the instant claim warrants no relief must be allowed to stand. Williams, 529 U.S. at 412-13.

In his third claim, Richards faults his counsel for failing to file a motion for discovery, to interview the victim, and to interview medical personnel. The Virginia Supreme Court held that this argument was meritless for the following reasons:

> In claim (c), petitioner alleges that counsel failed to file discovery

9

> motions, failed to interview the victim, failed to interview medical personnel, and therefore, failed to develop a defense.
>
> The Court holds that claim (c) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner has failed to identify what information counsel would have obtained had he filed discovery motions, or interviewed the victim or medical personnel. Furthermore, the record, including the affidavit of counsel, demonstrates that counsel had access to the Commonwealth's file and reviewed it. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Richards v. Warden, supra at 2 - 3; Resp. Ex. F.

As with his earlier claims, Richards fails to show that the foregoing result was contrary to, or an unreasonable application of, clearly established federal law, or was an unreasonable determination of the facts. In addition to counsel's attestation that he reviewed the Commonwealth Attorney's file on Richards' case and found nothing warranting investigation, the record also shows that counsel in fact did argue that the Commonwealth failed to produce any medical records at trial. (Tr. 8/16/06 at 101). Further, as before, Richards has failed to produce affidavits from the medical personnel as to the nature of their purported testimony. Cf. Bassette, 915 F.2d at 941. For these reasons, the state court's denial of relief deserves deference in this proceeding, and will not be altered. Williams, 529 U.S. at 412-13.

In his fourth claim, Richards alleges that his attorney rendered ineffective assistance by failing to obtain evidence from the victim's PERK kit, her physician's report, or pictures showing signs of trauma, thus making the defense of consensual sex impossible to sustain. This argument was rejected in the state habeas corpus proceeding on the following holding:

> In claim (d), petitioner alleges counsel failed to obtain evidence from

10

> the victim's PERK kit, physician's report, and pictures from the victim showing signs of trauma, which resulted in a 'she said he said' defense rendering petitioner's trial a '[farce] and sham.'
>
> The Court holds that claim (d) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to identify the evidence he contends counsel should have obtained from the PERK kit, the report, or the picture. In addition, the record, including the trial transcript and affidavit of counsel, demonstrates that counsel had full access to the Commonwealth's file, and that petitioner admitted to having intercourse with the victim, taking 'advantage of the situation,' and knowing he should 'have stopped.' Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Richards v. Warden, supra at 3; Resp. Ex. F.

For the reasons articulated in the foregoing holding, as well as previously in this Opinion, the Virginia Supreme Court's determination that the instant claim warranted no relief was not contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Consequently, the same result must pertain here. Williams, 529 U.S. at 412-13.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition petition must be dismissed. An appropriate Order shall issue.

Entered this 14th day of December 2009.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

11